IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 1:23CR462-1 |
| Plaintiff | * | |
| -vs- | * | JUDGE BENITA PEARSON |
| MALACHI BERRY | * | |
| Defendant | * | DEFENDANT'S SENTENCING MEMORANDUM |
| | * * * | |

Now comes the Defendant, Malachi Berry, by and through undersigned counsel, who offers this Memorandum for the Court to consider at the time of sentencing.

## PSR AND PLEA AGREEMENT

The PSR lists a total offense level of 35 and a Criminal History of II, which results in a guideline imprisonment range of 188-235 months. However, the plea agreement called for an agreed total offense level of 27. This eight-level difference is the subject of both of the Defendant's objections and will be fully argued at the time of sentencing.

## CRIMINAL HISTORY CALCULATION

Mr. Berry has accumulated a criminal history score of 2, resulting in a Criminal History Category of II. Importantly, both of Mr. Berry's criminal history points occurred when Mr. Berry was only 17 years old. His first offense occurred when he switched price tags between a pair of no name sneakers with a pair of Nikes. This subterfuge resulted in a theft of $44. Mr. Berry submits that this crime, which raised his criminal history from I to II is unfair for such a minor infraction.

3553 FACTORS

Mr. Berry appreciates the seriousness of the offenses to which he has pled guilty. He has accepted responsibility for his actions. Mr. Berry was 21 years of age when he committed these crimes. As noted in the PSR, Mr. Berry had a rough childhood. His mother abused drugs, and often made poor choices in her male friends. Several times, Mr. Berry was forced to defend his mother from physically abusive boyfriends. Mr. Berry's father was not present during his formative years. This has made Mr. Berry reflect on his poor choices knowing that he will now not be present for his young son. This is Mr. Berry's deepest regret about this situation.

Mr. Berry is asking this Court to take all of this into account and impose a sentence sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

*/S/ JOHN W. GREVEN*
JOHN W. GREVEN #0063421
Attorney for Defendant
137 South Main Street, Suite 201
Akron, Ohio 44308
330-253-7171  -  330-253-7174 fax
burdon-merlitti@neo.rr.com

PROOF OF SERVICE

I hereby certify that on January 9, 2025, a copy of the foregoing Defendant's Sentencing Memorandum was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/S/ JOHN W. GREVEN*
JOHN W. GREVEN
Attorney for Defendant